UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LINZEY WOODS,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID J. GLADIEUX,<br><br>    Defendant. | CAUSE NO. 1:22-CV-383-HAB-SLC |

OPINION AND ORDER

Linzey Woods, a prisoner without a lawyer, filed a complaint against Sheriff David J. Gladieux about the conditions of confinement at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Woods seeks damages for being detained in the Allen County Jail during the period when the jail was found to be unconstitutionally overcrowded. In the class action, *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098 (N.D. Ind. Mar. 31, 2022), the court found at summary judgment that certain conditions of confinement at the jail violated the Eighth and Fourteenth Amendments to the

Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" *Id.* at *5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners, and it continues to monitor the remediation of the unconstitutional conditions. *Id.* at 17.

Simply being at the jail during the period relevant to this class action is not enough to receive damages. Overcrowding, on its own, does not state a constitutional claim, and instead the court must look to the effects the overcrowding has on the conditions of confinement. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."). To state a claim, Woods must link the complained-of conditions to the overcrowding and explain how he was personally affected by the conditions because a necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012); *see also Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) ("[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic.").

In his complaint, Woods alleges he was at the jail from November 24, 2021, through June 16, 2022. He complains that he had no recreation until May 3, 2022; he suffered tension from overcrowding; the jail mixed federal with nonfederal inmates until June 15, 2022, and continues to mix pretrial detainees with convicted offenders; he slept on the floor until April 27, 2022; the lights remained on at night until April 27, 2022; the bunks, toilets, and floors were and continue to be unsanitary; the food was cold and he was not given any fruit; the jail was understaffed and often on lockdown; no inmates had the opportunity to attend church or chapel until May 3, 2022; and jail officials practiced corporal punishment.

This list of complaints does not state a claim without additional supporting details. As a pretrial detainee, Woods is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities," *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 453 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)), as well as constitutionally adequate medical care, *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). If a condition meets this level, a plaintiff may recover if the condition was "imposed for the purpose of punishment, . . . is not reasonably related to a legitimate goal . . ., or is excessive in relation to that purpose." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th

3

Cir. 2017) (quoting *Bell*, 441 U.S. at 538-39 and *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

Here, Woods' complaint does not state a claim because he does explain how these jail conditions denied him "basic human needs" or "the minimal civilized measure of life's necessities." *McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011). Woods alleges no specific harm to him resulting from these conditions or explain how they otherwise affected him.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Woods may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Linzey Woods until **February 13, 2023**, to file an amended complaint; and

(2) CAUTIONS Linzey Woods if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 9, 2023.

                                             s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT