UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LINZEY WOODS,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID J. GLADIEUX,<br><br>    Defendant. | CAUSE NO. 1:22-CV-383-HAB-SLC |

OPINION AND ORDER

Linzey Woods, a prisoner without a lawyer, filed a complaint against Allen County Sheriff David Gladieux seeking damages for being held in the unconstitutional conditions of confinement at the Allen County Jail identified in *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098 (N.D. Ind. Mar. 31, 2022). ECF 1. The court determined the complaint did not state a claim because Woods did not allege how he was personally injured by the conditions. ECF 4. Woods has now filed an amended complaint with more detail about the conditions of confinement he experienced in the seven-month period from November 24, 2021, through June 16, 2022, that he was detained at the jail. ECF 5. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Woods alleges he was a pre-trial detainee while at the Allen County Jail, and therefore his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). To state a claim that a jail policy violates the Fourteenth Amendment, a plaintiff must allege that a resulting pretrial condition "is 'imposed for the purpose of punishment,' or . . . the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless . . ..'" *Id.* at 856 (quoting *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979). Courts consider whether "the challenged governmental action is not rationally related to a legitimate governmental objective or [whether] it is excessive in relation to that purpose." *Id.* (quoting *Kingsley*, 576 U.S. at 398).

Overcrowding, on its own, does not state a constitutional claim, and instead the court must look to the effects the overcrowding has on the conditions of confinement. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."); *see also Hubbard v.*

2

*Taylor*, 538 F.3d 229 (3d Cir. 2008) (after determining that the triple-celling of pretrial detainees was rationally related to managing an overcrowded facility, the court turned to "whether these conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions because excessive in relation to the purposes assigned to them" (quotation marks omitted)). For example, overcrowding could lead to deprivations of essential food, medical care, or sanitation, cause an increase in violence, or result in other intolerable prison conditions. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).

Woods' amended complaint plausibly alleges that as a result of the overcrowding, he was subjected to unconstitutional conditions of confinement that injured him. For example, Woods alleges that in the seven months he was detained at the jail, he was not given any recreation time or other opportunities to exercise. As a result, he experienced muscle loss and physical pain, and the tension from overcrowding and lack of privacy caused him severe anxiety. Woods plausibly alleges that spending seven months in overcrowded conditions, coupled with the lack of recreation, could amount to punishment. *Cf. James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) ("Our decisions are clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment."); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) ("An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem.").

3

Woods further alleges that he had to sleep with inadequate bedding on the floor in the dayroom, where the lights were on 24 hours a day. He alleges that this prevented him from getting enough rest, which caused him physical and mental strain. Sleeping on the floor is not, by itself, a constitutional violation. *See*, *e.g.*, *Rodmaker v. Krienhop*, No. 4:14-cv-070-TWP-TAB, 2014 U.S. Dist. LEXIS 100067 at *6 (S.D. Ind. July 23, 2014) (collecting cases) (pretrial detainees have no constitutional right to have an elevated bed and may be required to sleep with their mattress on the floor); *Robeson v. Squadrito*, 57 F. Supp. 2d 645, 647 (N.D. Ind. 1999) (same). But under the circumstances here, Woods plausibly alleges that he was prevented from obtaining adequate sleep for a long period of time with the combination of 24-hour lighting and overcrowded inmates sleeping on the floor with inadequate bedding.

Woods also alleges the overcrowding led to limited access to the toilet and shower. He contends the floors, toilets, and vents were filthy from so many people living together. He says the vents were black and moldy, and he was exposed to fecal matter from the unclean toilets and floors. Here, he plausibly alleges that he was denied "reasonably adequate" sanitation. *See Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (detainees are entitled to "reasonably adequate" sanitation and their allegation that they were forced to live "surrounded by their own and others' excrement" for several days stated Fourteenth Amendment claim).

Finally, Woods complains about limitations on his ability to practice his religion at the jail. He says there was no church or chapel offered during his stay at the jail. Inmates retain their right under the First Amendment to practice their religion. *Kaufman*

4

*v. McCaughtry*, 419 F.3d 678, 681 (7th Cir. 2005). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). However, a prison practice that imposes a substantial burden on the free exercise of religion "may be justified if it is reasonably related to legitimate penological interests." *Kaufman*, 733 F.3d at 696 (internal quotation marks and citation omitted). The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on an inmate's religious exercise unless that burden serves a "compelling governmental interest" and is "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Cutter v. Wilkinson*, 544 U.S. 709 (2005).

It can be reasonably inferred that the lack of religious services was a policy or practice at the jail, and therefore, Woods may proceed on claims under the First Amendment and RLUIPA against Sheriff Gladiuex in his official capacity for money damages for not providing religious services at the jail during that seven-month period.

For these reasons, the court:

(1) GRANTS Linzey Woods leave to proceed against Sheriff David Gladieux in his official capacity for monetary damages for a policy or practice of housing him in overcrowded conditions from November 24, 2021, through June 16, 2022, that resulted in inadequate recreation, sleep, and sanitation in violation of the Fourteenth Amendment;

(2) GRANTS Linzey Woods leave to proceed against Sheriff David Gladiuex in his official capacity for monetary damages for denying him the ability to practice his religion from November 24, 2021, through June 16, 2022, in violation of the First Amendment and RLUIPA;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff David Gladieux at the Allen County Jail, with a copy of this order and the complaint (ECF 5);

(5) ORDERS Allen County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff David Gladieux to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 27, 2023.

                                       s/ *Holly A. Brady*
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT

6